**Eugene J. McCARTHY et al., Plaintiffs,**

v.

**The Honorable J. James EXON et al., Defendants.**

**No. CV76–L–166.**

United States District Court, D. Nebraska.

Sept. 1, 1976.

Teresa Luther and Margaret Hornbeck, Lincoln, for plaintiffs.

Terry R. Schaaf, Asst. Atty. Gen., Lincoln, Neb., for defendants.

Before LAY, Circuit Judge, and URBOM and DENNEY, District Judges.

## MEMORANDUM

PER CURIAM.

This matter came on for hearing on this 31st day of August, 1976, before a three-judge court seeking mandatory injunctive and declaratory relief by plaintiffs against J. James Exon and Allen J. Beermann as individuals. J. James Exon is the Governor of the State of Nebraska and Allen J. Beermann is the Secretary of State of the State of Nebraska. The plaintiffs assert jurisdiction under 28 U.S.C. § 1343(3)(4), 28 U.S.C. § 2201, 28 U.S.C. § 2281, 28 U.S.C. § 2284, 42 U.S.C. § 1983, and 42 U.S.C. § 1985, and assert that the defendants have wrongfully and unconstitutionally barred Eugene J. McCarthy from electoral consideration as an independent candidate for the office of President of the United States by refusing to place the name of Eugene J. McCarthy on the electoral ballot for the general election for the office of the President of the United States to be held in November, 1976. The plaintiffs Harry G. Mendelson and Edwin H. Garrison allege that they have been barred from being appointed to serve as his presidential electors in the November, 1976, election in the event that the said Eugene J. McCarthy is elected in the State of Nebraska for the office of the President of the United States. The parties allege in their complaint that the statutory provisions in Nebraska, to-wit, 32–504 (Supp.1974), together with 32–556, 32–561, 32–4,108 and other related statutes are unconstitutional in that they violate Article II, Section 1 and Article VI of the Constitution of the United States and the First, Twelfth and Fourteenth Amendments thereto.

The defendants have filed a motion to dismiss for lack of jurisdiction, asserting *inter alia* the defense of sovereign immunity.

The motion to dismiss is overruled; the defendants have requested and leave is granted to file an answer to the complaint *instanter.*

The court finds that the statutory scheme in the State of Nebraska provides no method by which an independent candidate for the office of the President of the United States may appear on a ballot other than through certification by a political party. Under these circumstances, the court finds that the statutes of the State of Nebraska, as set forth above, are unconstitutional and in violation of the First and Fourteenth Amendments of the Constitution of the United States. See *Storer v. Brown et al.,*

415 U.S. 724, 94 S.Ct. 1274, 39 L.Ed.2d 714 (1974).

Notwithstanding the finding that the Nebraska statutes are constitutionally deficient in failing to provide a method by which an independent candidate for the office of the President of the United States may appear upon the electoral ballot within the State of Nebraska for the general election of that office, the court finds that the state nevertheless has a sufficient interest to assure itself that the candidate is a serious contender, truly independent, and with a satisfactory level of community support. See *Storer v. Brown,* at 746–47, 94 S.Ct. 1274.

In view of the lateness of the filing of the complaint and the asserted necessity of having ballots for certification to be printed no later than September 8, 1976, this court concludes that the Secretary of State on or before September 8, 1976, should determine whether or not Eugene J. McCarthy has a satisfactory level of community support in order to appear upon a certified ballot. The parties by and through counsel have stipulated that Eugene J. McCarthy is a serious, independent candidate. In the absence of any controlling statute and in view of the emergency created by the time factor, the Secretary of State may take whatever steps are necessary to be assured that Eugene J. McCarthy has at this time a satisfactory level of community support. The court takes note that on or about Tuesday, August 24, 1976, a group presented to the Secretary of State, Allen J. Beermann, petitions with 2,981 signatures which requested that electors who support Eugene J. McCarthy be put on the November ballot. It is the court's understanding that these petitions are in the possession of Allen J. Beermann at the present time. In the event that Allen J. Beermann determines that these petitions do not reflect a satisfactory level of community support for the candidacy of Eugene J. McCarthy and makes such determination in good faith and finds there is no other method by which to determine whether Eugene J. McCarthy maintains such a level of support, the said Allen J. Beermann need not place the name of Eugene J. McCarthy on the ballot. On the other hand, if said Allen J. Beermann determines that the petitions do reflect sufficient level of community support for the candidacy of Eugene J. McCarthy, he is then to place the name Eugene J. McCarthy on the ballot as an independent candidate for the office of the President of the United States. In the event that the Secretary of State finds that Eugene J. McCarthy's name should be on the ballot, he shall process the ballots in the same manner as he would any other candidate properly certified for the office of the President of the United States in the November, 1976, general election, as the laws of Nebraska now direct.

In the event that Eugene J. McCarthy is a successful candidate for the office of the president in the November, 1976, general election, after a proper canvass of the vote as set forth by 32–4,104, the parties may return to this court for further direction as to proper certification of electors for the office of President of the United States.

The foregoing shall consist of findings of fact and conclusions of law in accordance with Rule 52 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.